Koruzo et ux., Appellants, *v.* Ritenauer.

Argued November 13, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNING-
HAM, BALDRIGE and WHITMORE, JJ.

*Louis Vaira,* and with him *J. Warren Hunter,* for
appellant.

*A. Sanford Levy* of *Aronson, Levy & Aronson,* for
appellee.

OPINION BY CUNNINGHAM, J., March 2, 1931:

An amicable action in ejectment for possession of
certain leased premises was entered in the court below
by the use plaintiff against the defendant; claiming
authority so to do under a warrant of attorney con-
tained in the lease, an attorney appeared for defend-
ant and confessed judgment against her; at the in-
stance of defendant, the court opened the judgment to
permit her to defend and we now have this appeal by
the use plaintiff from that action. As the order open-
ing the judgment was made in the exercise of the
equitable power of the court, our only inquiry is
whether the chancellor properly exercised his discre-
tion in concluding that the appellee was entitled to

have a judicial determination of the right claimed by her to remain in possession of the premises. The case was disposed of upon petition, rule and answer, and we, therefore, turn to the pleadings for a knowledge of the issues.

The facts upon which the court based its decision were uncontroverted and may be thus summarized: On May 8, 1929, Koruzo and his wife, the then owners of the premises at 317 Brownsville Road, Mt. Oliver, Allegheny County, leased the first floor thereof to Thessa Ritenauer,. defendant below and appellee herein, under a written lease for a term commencing June 1, 1929, and ending April 30, 1931, at a monthly rental of $35, payable in advance. On June 30, 1930, the Koruzos sold the property to Schuchman, use plaintiff below and appellant herein, and on July 2nd assigned their interest in the lease to him. A printed form, with appropriate blanks, was used in drafting the lease; one of its provisions was that the lessee expressly waived notice to vacate "at the end of the term." Another provision read that the lessee "covenants and agrees to vacate the said premises at any time upon receiving    day's notice in writing so to do, in case of sale of said property." No words or figures were inserted in the blank space between the words "receiving" and "day's" and this omission is the root of the controversy.

A few days prior to the conveyance of the premises, namely, on June 18th, the original lessors gave notice in writing to appellee "to vacate the premises......Monday, June 30th," and stated therein that the notice was given in accordance with the lease "due to the selling of the property." On July 2nd written notice was also given by appellant, the new owner, to appellee "to surrender quiet and peaceable possession ......under the terms of the lease......before the sixteenth day of July, A. D. 1930; said premises hav-

ing been sold and conveyed'' to him. Appellee did not comply with either notice. The lease contained a warrant of attorney to confess judgment for any rent due under its terms and also to confess, at the option of the lessor, a judgment against the lessee in an amicable action of ejectment for the premises ''in case of violation of any of the covenants or agreements'' therein contained. The record contains no averment of any default in payment of rent. On July 17th an attorney, undertaking to act for appellee pursuant to the warrant in the lease, signed an agreement with attorneys for appellant for the entering of an amicable action of ejectment and confessed judgment therein against her. The material averment of the declaration was that appellee, ''contrary to the covenant in the within lease, has refused to deliver possession after being given reasonable notice to do so.'' On August 5th she obtained a rule to open the judgment. Her petition admitted the execution of the lease and the receipt of the notices to quit but averred that the serving of the notices did ''not give [appellant] a legal right to declare the lease......at an end and terminated,'' that she has a valid lease until April 30, 1931, and has not defaulted in any of its covenants. A further averment of the petition was that she was induced to sign the lease upon the express promise of the original lessors that she would be permitted to remain in undisturbed possession until the expiration of its full term, and that it was ''understood and agreed'' between the original lessors and her that the lease was not to terminate in the event of a sale of the premises, ''and, therefore, no time was specified or inserted in the printed lease'' relative to surrendering possession in that contingency. Appellant answered that the lease was ''subject to be terminated at any time in case of sale of the premises, in accordance with the provisions contained therein;'' that the notice was

"reasonable" and that the failure to specify the length of the notice to which the lessee would be entitled if the property should be sold was due to the fact that the original lessors and appellee agreed at the time of the execution of the lease that she "would immediately give up quiet and peaceable possession of the premises upon being notified of the sale." It is quite clear from the opinion of the chancellor, STADT-FELD, J., that he did not predicate his decision upon any finding one way or the other, relative to the alleged and controverted contemporaneous parol agreement, but upon the failure of the parties to fill in the blank provided for the insertion of the length of notice, upon receipt of which appellee would forfeit the balance of her term in case of a sale. The numerous and familiar authorities cited by appellant upon the parol evidence rule, and to the effect that there should be more than oath against oath to justify the opening of a judgment, have, therefore, no application. "Where the contract so provides, the lease is terminated by a sale of the premises by the landlord, ......or its termination may be made conditional, as upon the giving of a specified notice to the tenant, the payment of damages sustained by reason of the sale, ......the payment of a reasonable valuation for the unexpired term or a stipulated sum therefor" etc. In order however "for a sale to terminate a lease it must be strictly within the conditions provided for by the lease itself, and if there is any doubt as to the meaning and effect of these conditions the lease is to be construed most strongly against the lessor": 35 C. J., Sec. 216, p. 1054. As a clause in a lease providing for surrender of possession by the lessee within a designated time in case of a sale of the property is an option in favor of the lessor, we think it must be clearly expressed in order to justify its use as the basis for a confessed judgment in ejectment. As

stated in the opinion below, "conditions that work forfeitures are not favorites of the law" (McKnight v. Kreutz, 51 Pa. 232, 237), and "this lease must be read as the parties have written it."

In our opinion the court below was fully justified in opening the judgment.

Order affirmed and record remitted with a procedendo.